**RECORD NO. 12-4955**

In The
# United States Court of Appeals
For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee,*

v.

## DANNY KERN GRIGG, JR.,

*Defendant – Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA AT CHARLOTTE**

## BRIEF OF APPELLANT

**Henderson Hill**
**Executive Director**
**FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC.**

**Joshua B. Carpenter**
**FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC.**
**One Page Avenue, Suite 210**
**Asheville, North Carolina 28801**
**(828) 232-9992**

*Counsel for Appellant*

THE LEX GROUP ♦ 1108 East Main Street ♦ Suite 1400 ♦ Richmond, VA 23219
(804) 644-4419 ♦ (800) 856-4419 ♦ Fax: (804) 644-3660 ♦ www.thelexgroup.com

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .......... ii

NATURE OF THE BRIEF .......... 1

STATEMENT OF JURISDICTION .......... 1

STATEMENT OF THE ISSUES .......... 1

STATEMENT OF THE CASE .......... 2

STATEMENT OF THE FACTS .......... 2

SUMMARY OF ARGUMENT .......... 6

ARGUMENT .......... 6

I. The 24-Month Sentence Is Unreasonable .......... 6

A. Standard of Review .......... 6

B. Discussion .......... 7

II. The Restitution Award Is Excessive .......... 10

A. Standard of Review .......... 10

B. Discussion .......... 10

CONCLUSION .......... 12

STATEMENT REGARDING ORAL ARGUMENT .......... 12

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Anders v. California*,
386 U.S. 738 (1967) .......... 1, 6, 12

*Gall v. United States*,
552 U.S. 38 (2007) .......... 6, 7, 10

*In re Mosko*,
515 F.3d 319 (4th Cir. 2008) .......... 9

*Rita v. United States*,
551 U.S. 338 (2007) .......... 10

*United States v. Bynum*,
604 F.3d 161 (4th Cir. 2010) .......... 10

*United States v. Chambers*,
985 F.2d 1263 (4th Cir. 1993) .......... 8

*United States v. Delfino*,
510 F.3d 468 (4th Cir. 2009) .......... 10

*United States v. Dokich*,
614 F.3d 314 (7th Cir. 2010) .......... 12

*United States v. Henoud*,
81 F.3d 484 (4th Cir. 1996) .......... 11, 12

*United States v. Jinwright*,
683 F.3d 471 (4th Cir. 2012) .......... 11, 12

*United States v. Kellam*,
568 F.3d 125 (4th Cir. 2009) .......... 8

*United States v. Llamas*,
599 F.3d 381 (4th Cir. 2010) .................... 8, 10

*United States v. Lynn*,
592 F.3d 572 (4th Cir. 2010) .................... 7

*United States v. McGee*,
612 F.3d 627 (4th Cir. 2010) .................... 11

*United States v. Pauley*,
511 F.3d 468 (4th Cir. 2007) .................... 10

*United States v. Thorson*,
633 F.3d 312 (4th Cir. 2011) .................... 8

*United States v. U.S. Gypsum Co.*,
333 U.S. 364 (1948) .................... 9

**STATUTES**

18 U.S.C. § 1343 .................... 2, 12

18 U.S.C. § 3231 .................... 1

18 U.S.C. § 3553(a) .................... 6, 9

18 U.S.C. § 3742 .................... 1

28 U.S.C. § 1291 .................... 1

**GUIDELINES**

U.S.S.G. § 2B1.1 .................... 3

U.S.S.G. § 3B1.1 .................... 7, 8

U.S.S.G. § 3B1.1(c) .................... 4, 7

## NATURE OF THE BRIEF

After carefully examining the record in light of applicable law, the undersigned counsel has determined that there are no non-frivolous grounds for appeal. For that reason, counsel submits this brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). As required by *Anders*, this brief identifies the issues in the record that might arguably support an appeal, including those issues that the appellant has specifically asked counsel to raise. In addition, counsel has provided Grigg with a copy of this brief and informed him of his right to raise any additional issues within a reasonable time. Should the Court determine, after reviewing the record, that additional briefing is necessary, counsel will be happy to provide it.

## STATEMENT OF JURISDICTION

The United States District Court for the Western District of North Carolina had jurisdiction over this criminal case under 18 U.S.C. § 3231. The district court entered a final judgment against Danny Kern Grigg, Jr., on November 20, 2012. Dkt. No. 17. Grigg filed a timely notice of appeal on November 27, 2012. Dkt. No. 19. This Court has jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

1. Did the district court commit procedural or substantive error in sentencing Grigg to 24 months in prison?

2. Did the district court commit legal error by imposing a restitution award that exceeded the amount of loss caused by the offense of conviction?

## STATEMENT OF THE CASE

On August 17, 2011, Grigg pled guilty to a pre-indictment Bill of Information that charged him with four counts of wire fraud in violation of 18 U.S.C. § 1343. Dkt. Nos. 1 (Information), 3 (Plea Agreement) & 6 (Acceptance of Guilty Plea). On November 2, 2012, the district court conducted a sentencing hearing at which it sentenced him to a within-Guidelines sentence of 24 months in prison. Transcript of Sentencing Hearing (November 2, 2012) ("Sent. Tr."), at 44-45. The district court entered a final judgment on November 20, 2012. Dkt. No. 17. Grigg filed a notice of appeal on November 27, 2012. Dkt. No. 19.

## STATEMENT OF THE FACTS

The charges in this case arose from a scheme through which Grigg and another individual, Christopher Wagner, fraudulently obtained federally guaranteed Small Business Administration ("SBA") loans. The Bill of Information charged that Grigg, aided and abetted by Wagner, fraudulently obtained four specific loans between 2006 and 2008, totaling $132,500. *See* Information (Dkt. No. 1), at ¶ 10. In applying for and obtaining the loans, Grigg and Wagner undertook several fraudulent acts, including:

- "submitting false commercial lease agreements in support of loan applications"
- "falsely stating that the GRIGGS, through Precision Capital, did not receive previous SBA loans on subsequent loan applications";

- "submitting loan applications in the names of GRIGG and WAGNER's wives without their knowledge or permission"; and

- "agreeing to use the proceeds for 'working capital' when they then well knew that the proceeds of the loans would be and were used for investment in GRIGG's companies, as well as for their personal and family expenses."

*Id.* at ¶ 8.

Following a pre-indictment investigation, Grigg entered into a plea agreement. Among other things, the agreement specified that the Government would recommend at sentencing that "[t]he amount of loss that was known to or reasonably foreseeable by [Grigg] was approximately $132,500"—the amount of the four loans specified in the Bill of Information. Plea Agreement (Dkt. No. 3), at ¶ 6.

On August 17, 2011, Grigg pled guilty before a federal magistrate judge. After thorough questioning, the magistrate judge found that Grigg had entered into the plea agreement knowingly and voluntarily. Transcript of Plea and Rule 11 Hearing (August 17, 2011), at 16-28.

At the sentencing hearing, the district court addressed three issues relating to the proper calculation of the advisory Guidelines range. First, the presentence report ("PSR") had found that the loss amount under U.S.S.G. § 2B1.1 should be $225,000 rather than the lesser amount specified in the plea agreement ($132,500). *See* PSR (Dkt. No. 14), at ¶ 19. The higher amount proposed in the PSR accounted for the loans specified in the Bill of Information and also included other loans fraudulently

obtained by Wagner, which the PSR suggested were reasonably foreseeable to Grigg due to his role in the scheme. *See id.* at 12-13 (responding to objections). Both Grigg and the Government argued that the amount specified in the plea agreement should be used, and the district court ultimately agreed. Sent. Tr. at 3-19.

Second, the PSR suggested that Grigg should not receive a three-level reduction in his base offense level for acceptance of responsibility because, during his interview with the probation office, he refused (per the advice of counsel) to answer questions regarding conduct beyond that involved in the offense of conviction. PSR, (Dkt. No. 14), at ¶¶ 15, 25. Both Grigg and the Government argued that Grigg should receive credit for accepting responsibility, and again the district court ultimately agreed. Sent. Tr. at 19-31.

Third, the PSR concluded that Grigg should receive a two-level, aggravating-role enhancement under § 3B1.1(c) because he was an "organizer, leader, manager, or supervisor" of criminal activity. PSR (Dkt. No. 14), at ¶¶ 21 and p.14 (responding to objection). At the hearing the Government agreed with the PSR and argued that the enhancement was proper because Grigg had hired Wagner and instructed him on how to fraudulently obtain the SBA loans. Sent. Tr. at 33-34. Grigg, by contrast, argued that the enhancement should not apply because Wagner was a capable and intelligent person, with a finance background, who knew what he was doing and was not merely following Grigg's instructions. Sent. Tr. at 32-33. The district court sided with the

Government and applied the aggravating-role enhancement. Sent. Tr. at 34-35. The court made the following findings in support of its decision:

> It appears to the Court that Mr. Griggs owned Precision Capital, hired the co-defendant Wagner, approached him with respect to a buy in, suggested that he obtain an SBA loan, assisted in him doing it. The other factor is the nature of the participation. It appears to the Court that Mr. Griggs was involved in a three year conspiracy; gave instructions to the co-defendant to get a Union County address; completed the SBA loan application; talked to an SBA official on behalf of the co-defendant; appears to have been the co-defendant's employer; claimed right to a larger share of the fruits of the crime.

*Id.* at 34.

Based on these conclusions, the district court calculated the advisory Guidelines range as 21 to 27 months. Sent. Tr. at 35. Grigg then argued for a variance below the bottom of the Guidelines range. *Id.* at 35-41. The Government, by contrast, argued in favor of a within-Guidelines sentence of 24 months. *Id.* at 42.

Following argument, the district court imposed a sentence of 24 months in prison, plus a two-year term of supervised release. *Id.* at 44-45; Judgment (Dkt. No. 17). The court also ordered Grigg to pay restitution of $225,000, an obligation for which the court stated that Grigg would be jointly and severally liable with his co-conspirator, Christopher Wager. Sent. Tr. at 45-46; Judgment (Dkt. No. 17), at 4-4a. When the Government objected that the proper amount of restitution should be $132,500—equal to the amount of loss attributable to Grigg—the court responded, "I'm finding that restitution is a different legal concept than loss amount." Sent. Tr.

at 47. Grigg then noted his continued objection to the amount of the restitution award. *Id.*

## SUMMARY OF ARGUMENT

As required by *Anders*, counsel has identified the following issues that might potentially support an appeal: (1) whether the 24-month sentence is procedurally and substantively reasonable; and (2) whether the restitution award is lawful. For the reasons explained below, counsel has determined that Grigg's potential arguments on each issue lack arguable merit under binding circuit precedent.

## ARGUMENT

### I. The 24-Month Sentence Is Unreasonable.

#### A. Standard of Review

This Court reviews a criminal sentence for reasonableness, applying an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). The Court must first determine whether the district court committed "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Id.* When a defendant requests a sentence below the low end of the Guidelines range, as Grigg did here, this Court reviews *de novo* any claim that the district court committed

procedural error in imposing a higher sentence. *See United States v. Lynn*, 592 F.3d 572 (4th Cir. 2010).

If the Court determines that a sentence is procedurally sound, it then reviews for substantive reasonableness, "tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall*, 552 U.S. at 51.

**B. Discussion**

As a first potential basis for appealing his sentence, Grigg could argue that the district court committed procedural error by applying the two-level enhancement under § 3B1.1(c). That enhancement applies only if Grigg "was an organizer, leader, manager, or supervisor" in the criminal activity underlying his conviction. U.S.S.G. § 3B1.1(c). The application notes to § 3B1.1 identify several factors relevant to "distinguishing a leadership and organizational role from one of mere management or supervision." *Id.* cmt. n. 4.

Grigg could argue, as he did before the district court, that the § 3B1.1 enhancement is improper because the other criminally culpable individual, Christopher Wagner, was not simply following Grigg's instructions. On the contrary, Wagner was a capable and intelligent person, who had a finance background and engaged in the criminal conduct knowingly and independently. *See* Defendant's Objections to the Presentence Report (Dkt. No. 12), at ¶ 5; Defendant's Position re: Sentencing (Dkt. No. 16), at 3-4; Sent. Tr. at 32-33. In support, Grigg could point to

the § 3B1.1 application notes, which state that "[t]his adjustment does not apply to a defendant who merely suggests committing the offense." U.S.S.G. § 3B1.1 cmt. n.4.

This argument must fail under this Court's precedent. First, the district court identified and considered the factors listed in the § 3B1.1 application notes. *See* JA 34-35. Thus, this case is unlike *United States v. Chambers*, where this Court vacated the defendant's sentence because the district court failed, in imposing an aggravating-role enhancement, to consider the factors identified in the application notes for § 3B1.1. *See* 985 F.2d 1263, 1269 (4th Cir. 1993).

Second, the findings that the district court made in support of the aggravating-role enhancement are not clearly erroneous. *See United States v. Thorson*, 633 F.3d 312, 317 (4th Cir. 2011) ("Because the district court's findings as to whether Thorson was an organizer or leader are factual in nature, we reverse only if the district court's findings are clearly erroneous."); *United States v. Llamas*, 599 F.3d 381, 389 (4th Cir. 2010) ("A sentencing court's ruling on the aggravating role adjustment 'is a factual determination reviewed for clear error.'") (quoting *United States v. Kellam*, 568 F.3d 125, 147-48 (4th Cir. 2009)).

Here, the district court made the following findings in support of its decision to apply the aggravating-role enhancement:

> It appears to the Court that Mr. Griggs owned Precision Capital, hired the co-defendant Wagner, approached him with respect to a buy in, suggested that he obtain an SBA loan, assisted in him doing it. The other factor is the nature of the participation. It appears to the Court that Mr. Griggs was involved in a three year conspiracy; gave

> instructions to the co-defendant to get a Union County address; completed the SBA loan application; talked to an SBA official on behalf of the co-defendant; appears to have been the co-defendant's employer; claimed right to a larger share of the fruits of the crime.

*See* Sent. Tr. at 34. These findings were based upon the PSR's factual summary. *See* PSR (Dkt. No. 14), at ¶¶ 6-13. In light of the entire record, including the PSR's factual summary, the district court's ultimate finding that the aggravating-role enhancement applied is not clearly erroneous. *See In re Mosko*, 515 F.3d 319, 324 (4th Cir. 2008) ("A finding of fact is clearly erroneous when, 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'") (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948)).

As a second potential basis for appeal, Grigg could argue that his sentence was substantively unreasonable. In support, he could argue (as he did at sentencing) that the § 3553(a) factors support a lower sentence. In doing so, he could point to (1) his lack of criminal history; (2) his willingness to cooperate with the Government's investigation, including by agreeing to toll the statute of limitations; (3) his family support; (4) his civic involvement, including at his church; and (5) the fact that he was able to maintain employment up until the time he entered custody. *See* Defendant's Position re: Sentencing (Dkt. No. 16), at 4-6; Sent. Tr. at 34-41.

This argument, however, must fail in light of Fourth Circuit precedent, which applies a "presumption of substantive reasonableness" to "properly calculated within-

Guidelines sentences." *See United States v. Bynum*, 604 F.3d 161, 168-69 (4th Cir. 2010) (citing *Rita v. United States*, 551 U.S. 338, 347 (2007)). Although the factors present in Grigg's case could have supported a district court's decision to impose a lesser sentence, they are not so strong that this Court would conclude that the district court abused its discretion in refusing to vary below the bottom of the Guidelines range. *See United States v. Pauley*, 511 F.3d 468, 474 (4th Cir. 2007) ("Even if we would have reached a different sentencing result on our own, this fact alone is 'insufficient to justify reversal of the district court.'") (quoting *Gall*, 552 U.S. at 51).

## II.    The Restitution Award Is Excessive.

### A.    Standard of Review

This Court reviews a district court's restitution order for abuse of discretion. *United States v. Llamas*, 599 F.3d 381, 387 (4th Cir. 2010). "A district court abuses its discretion when it . . . commits an error of law." *Id.* at 390 (quoting *United States v. Delfino*, 510 F.3d 468, 470 (4th Cir. 2009).

### B.    Discussion

Grigg could argue that the district court erred in imposing a restitution award ($225,000) that exceeded the amount of loss attributable to the offense of conviction ($132,500). This outcome is erroneous, Grigg could argue, because the restitution amounts awarded in criminal cases under the Mandatory Victims Restitution Act of 1996 ("MVRA") generally must derive from the offense of conviction rather than from other relevant conduct. *See Llamas*, 599 F.3d at 390-391 ("Because the MVRA

focuses on the offense of conviction rather than on relevant conduct, 'the focus of [a sentencing] court in applying the MVRA must be on the losses to the victim *caused by the offense*.'") (emphasis in original); *see also United States v. McGee*, 612 F.3d 627, 635 (4th Cir. 2010) ("Restitution must be awarded with respect to all crimes of which a person is convicted, but it may not be awarded with respect to other losses ('relevant conduct' in the Sentencing Guidelines' parlance) unless the defendant consents to this additional award."). Here, the argument would go, the loss attributable to the offense of conviction was only $132,500, while the additional $92,500 arose merely from "relevant conduct" and therefore should have been excluded.

This argument is foreclosed by Fourth Circuit precedent. In *United States v. Jinwright*, this Court upheld a restitution award that was based on conduct outside the scope of the conviction. 683 F.3d 471 (4th Cir. 2012). Specifically, both defendants in *Jinwright* were convicted of tax evasion for the years 2005 to 2007 (and one defendant was also convicted for the years 2002 to 2004), but the restitution award encompassed losses attributable to several other tax years. *Id.* at 475, 485. In affirming the award, the Court reasoned that "a district court is authorized to include in restitution the 'losses that result from a criminal scheme or conspiracy, regardless of whether the defendant is convicted for each criminal act within that scheme.'" (quoting *United States v. Henoud*, 81 F.3d 484, 489 (4th Cir. 1996)).

That principle would control the outcome in this case because Grigg was convicted of an offense (wire fraud) that requires, as an element, proof of a "scheme

or artifice to defraud." *See* 18 U.S.C. § 1343. Therefore, under *Jinwright*, any losses attributable to that "scheme" may be included within a restitution award, even if Grigg was not convicted for each separate criminal act that led to those losses. *Id.* at 486 (in setting restitution, district court may "look[ ] to the 'specific conduct underlying the offense of conviction,' meaning all 'acts comprising the scheme to defraud'") (quoting *Henoud*, 81 F.3d at 488); *see also United States v. Dokich*, 614 F.3d 314, 318 (7th Cir. 2010) ("While restitution awards typically require a direct causal relationship between the defendant's personal conduct and a victim's loss, we have recognized that in the case of mail fraud, a crime that 'involves as an element a scheme, conspiracy, or pattern of criminal activity,' the MVRA imposes joint liability on all defendants for loss caused by others participating in the scheme.").

## CONCLUSION

As required by *Anders*, Grigg respectfully asks this Court to independently review the entire record to determine if there are any non-frivolous issues that could support an appeal.

## STATEMENT REGARDING ORAL ARGUMENT

Counsel submits that oral argument is unnecessary in this case. If the Court determines, however, that any potentially meritorious issues exist, counsel requests an opportunity to brief and argue those issues.

DATED this 22nd day of February, 2013.

                         Respectfully submitted,

                         Henderson Hill
                         Executive Director
                         FEDERAL DEFENDERS OF
                              WESTERN NORTH CAROLINA, INC.

                       /s/ Joshua B. Carpenter
                       Appellate Attorney
                       FEDERAL DEFENDERS OF
                             WESTERN NORTH CAROLINA, INC.
                       One Page Avenue, Suite 210
                       Asheville, North Carolina 28801
                       (828) 232-9992

                       *Counsel for Appellant*

# CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

   [ X ] this brief contains [*2,988*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

   [ ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Garamond*]; *or*

   [ ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated: February 22, 2013

/s/ Joshua B. Carpenter
*Counsel for Appellant*

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 22nd day of February, 2013, I caused this Brief of Appellant to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Amy E. Ray
OFFICE OF THE U.S. ATTORNEY
100 Otis Street, Room 233
Asheville, North Carolina 28801
(8280 271-4661

*Counsel for Appellee*

I further certify that on this 22nd day of February, 2013, I caused the required copies of the Brief of Appellant to be hand filed with the Clerk of the Court.

I also certify that I served one bound copy of the Brief of Appellant, via U.S. Mail, postage pre-paid to the Appellant at the following address:

Danny Kern Grigg, Jr. #26595-058
Bennettsville FCI
Federal Correctional Institution
Post Office Box 52020
Bennettsville, South Carolina 29512

/s/ Joshua B. Carpenter
*Counsel for Appellant*